IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MASON WHITE HYDE, )
)
       Plaintiff, )
)
v. ) 1:19CV941
)
THE STATE OF NORTH CAROLINA, )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee facing criminal charges in the Superior Court of Rowan County, North Carolina, submitted a document titled as a Notice of Removal in which he purports to remove state court criminal cases to this Court under 28 U.S.C. § 1455. In that document, he alleges that his arrest was illegal and that he is being denied his rights because he has been unable to view certain documentation and question certain persons.

When a defendant in a state criminal case files a notice of removal in a United States District Court, that court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In that regard, "'federal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir.1998) (quoting Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Moreover, federal law severely limits the circumstances under which a litigant may remove a case from state court to federal

court.  See 28 U.S.C. §§ 1441–1453 (2011); see also Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.").  Further, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey, 29 F.3d at 151.

Plaintiff's filing cannot carry that burden in this case.  Of the federal removal statutes, only three, 28 U.S.C. §§ 1442, 1442a, and 1443, provide for removal of state criminal cases. See 28 U.S.C. §§ 1441–1453; see also, Iowa v. Johnson, 976 F. Supp. 812, 816 (N.D. Iowa 1997) ("If this state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443.").  Plaintiff does not satisfy the conditions of those three statutes because the instant Notice of Removal and its attachments lack allegations that Plaintiff acted as or assisted a federal official, acted as a military member, or faces denial of racial equality. See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 815 (1966) ("[T]he history of [28 U.S.C. §] 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers ...." (emphasis added)); Crawford v. State of Md., No. 92–2190, 4 F.3d 984 (table), 1993 WL 375649, at *1 (4th Cir. Sept. 24, 1993) (unpublished) ("[W]e find that the petition for removal [under 28 U.S.C. § 1443(1) ] was without substantive merit because it contemplated broad contentions under generally applicable constitutional rights, rather than 'any law providing for specific civil rights stated in terms of racial equality.'"  (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)) (emphasis added)); Florida v. Simanonok, 850 F.2d 1429, 1430 n. 1 (11th Cir.1988) ("Clearly, the party

2

seeking removal [under 28 U.S.C. § 1442a] must also be a member of the armed forces." (emphasis added)); North Carolina v. Carr, 386 F.2d 129, 131 (4th Cir.1967) (observing that "purpose of [28 U.S.C. § 1442] is to take from the State courts the indefeasible power to hold an officer or agent of the United States criminally or civilly liable for an act allegedly performed in the execution of any of the powers or responsibilities of the Federal sovereign" (emphasis added)).

Instead, Plaintiff makes only general allegations that the state has violated or is violating his constitutional rights. A proper notice of removal must cite to a specific federal law providing for equal civil rights and allege that the state court prosecution will deny those rights. Doe v. Berry, 967 F.2d 1255, 1256 (8th Cir. 1992). Plaintiff does not do so here. Further, it is not sufficient to claim "'that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.'" Id. at 1257 (quoting Peacock, 384 U.S. at 827). Plaintiff's filing contains exactly that type of general, and insufficient, allegations. Therefore, his filing cannot serve to successfully remove his criminal case to this Court and the Court should enter an order for summary remand of Plaintiff's criminal case to the state court.

Further, because Plaintiff alleges that state officials violated his constitutional rights in various ways, the Court exercised an abundance of caution and treated the filing for administrative purposes as a civil rights action pursuant to 42 U.S.C. § 1983. Nevertheless, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

3

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). Further, to the extent that Plaintiff seeks to have this Court intervene in an ongoing state court criminal matter, he would have to file a petition for habeas corpus under 28 U.S.C. § 2241. If Plaintiff wishes to file a habeas petition, he must seek the proper forms for doing so from the Clerk's Office. He should also be aware that it is not ordinarily proper for this Court to intervene in pending state court criminal matters.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that, pursuant to 28 U.S.C. § 1455(b)(4), Plaintiff's criminal case be remanded to the General Court of Justice, Superior Court Division, Rowan County, North Carolina.

IT IS FURTHER RECOMMENDED that, to the extent that Plaintiff's filing may be an attempt at a civil or habeas corpus action in this Court, the action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint or habeas petition, on the proper forms, which corrects the defects cited above.

This, the 19th day of September, 2019.

_____
Joe L. Webster
United States Magistrate Judge